UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIDIER OBED GUZMAN-HIPOLITO,

Petitioner,

v.

U.S. DEPARTMENT OF JUSTICE et al.,

Respondents.
______________________________/

Case No. 1:26-cv-3157

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.12–13.)

In an order entered on November 5, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the

August 14, 2026, bond hearing on November 10, 2026. (Resp., ECF No. 5; Recording of Aug. 14, 2026, Bond Hearing, filed on Nov. 10, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Mexico who entered the United States in 2004. (Pet., ECF No. 1, PageID.2.) On April 17, 2026, Petitioner was arrested by ICE. (*Id.*)

On August 14, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Order of the Immigration Judge (IJ), ECF No. 5-3, PageID.38.) At the conclusion of the bond hearing, in a written order, the IJ denied Petitioner's request for bond, stating: "Flight risk." (*Id.*)

## III. Discussion

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.[1]

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 18, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

[1] To the extent that Petitioner claims that his detention has become unreasonably prolonged, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court based on a material change in circumstances, such as the length of his detention, pursuant to 8 C.F.R. § 1003.19(e).